O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY F. FISHER also known as GARY BARGER,<br><br>     Petitioner,<br><br>  v.<br><br>BARRIOS and AGUILERA,<br><br>     Respondents. | NO. CV 14-08235-VBF (MAN)<br><br>OPINION AND ORDER:<br><br>Summarily Dismissing the Habeas Petition Without Prejudice Due to Lack of Jurisdiction and Failure to Name a Proper Respondent; and<br><br>Denying a Certificate of Appealability |

  Proceeding *pro se*, California state prisoner Gary Francis Fisher, also known as Gary Dale Barger ("petitioner"), filed a document entitled "Petition for a Writ of Habeas Corpus" in the United States District Court for the Northern District of California on October 3, 2014 ("petition"). *See* Document ("Doc") 1. On October 17, 2014, Judge William H. Orrick of that court issued an order (Doc 4) transferring the petition to this district, because petitioner "challenges a conviction he received in the Ventura County Superior Court."

  Petitioner is a California state prisoner and a frequent federal court litigant.[1]  He is presently

---

[1]  Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of petitioner's numerous filings in this district under the names Gary Francis Fisher and Gary Dale Barger. The Court also takes judicial notice of the contents of the files and records for his prior cases in this district.

incarcerated pursuant to a conviction he sustained in 2012, in Kern County Superior Court Case No. BF134705A.  (*See Gary Francis Fisher v. Barrios, et al.*, Case No. CV 13-8599-VBF (MAN), Doc 2 Ex. 1, copies of the transcript of petitioner's January 6, 2012 change of plea hearing and other documents from Case No. BF134705A.)  By the instant Petition, he challenges the validity of a state-court conviction he sustained, and related two-year sentence he received, in October 1999, in Ventura County Superior Court Case No. CR 42447 (the "1999 Conviction").  (Petition at 1.)  The petition asserts three claims, which apparently relate to petitioner's efforts to disqualify two state-court judges and fire his attorney during the 1999 Conviction proceeding.  (*Id.* at 5.)  Petitioner expressly admits that he is not in custody pursuant to the 1999 Conviction.  (*Id.* at 1:  petitioner wrote "no" when asked, "Are you now in custody serving this term? ('In custody' means in jail, on parole or probation, etc.).")

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Given that over 15 years have passed since the 1999 Conviction was sustained, it appears highly unlikely that the petition is timely.  *See* 28 U.S.C. § 2244(d)(1).  The Court, however, need not resolve the timeliness issue, because it plainly appears that the Court lacks jurisdiction to consider the petition and that the petition does not seek relief cognizable in federal habeas review.  *See, e.g., Mulgrew v. McDonald*, 474 F. App'x 650, 651 (9th Cir. 2012) (Schroeder, Thomas, Silverman) ("We need not decide whether Mulgrew was entitled to any form of tolling to render his petition timely because the district court lacked jurisdiction to consider his petition."); *Fisher v. Clark*, 2014 WL 1457816, *2 (C.D. Cal. Apr. 14, 2014) ("[T]he Court need not resolve the timeliness issue because the petition is subject to dismissal without prejudice for lack of subject-matter jurisdiction on another, independent ground: failure to exhaust state court remedies.") (citing, *inter alia*, *James v. Hedgpeth*, 2010 WL 5624642, *1 n.2 (C.D. Cal. Oct. 7, 2010), *R&R adopted*,

2011 WL 220689 (C.D. Cal. Jan. 14, 2011)).[2] For the reasons that follow, the Court will summarily dismiss the petition without prejudice, and will deny a certificate of appealability.

**First**, the memorandum appended to the petition indicates that the petition states is brought pursuant to the "Ku Klux Klan Act of 1871" and, thus, is exempt from the requirements for 28 U.S.C. § 2254 habeas actions, such as exhaustion of state remedies. (*See, e.g.,* Pet. Mem. at 2-3, 12-13, 15-18.) As the Court has advised petitioner in prior cases, however,[3] the Ku Klux Klan Act does not serve as a basis for federal habeas jurisdiction. Rather, 28 U.S.C. § 2241 provides a general grant of habeas authority to federal courts, and 28 U.S.C. § 2254 implements that general grant of authority for persons in custody pursuant to a state court conviction. *See White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010). As petitioner is in state custody and seeks to challenge a state-court conviction, section 2254 provides the only basis for such a challenge. *See Mardesich v. Cate*, 668 F.3d 1164, 1174 (9th Cir. 2012) (citing *White*, 370 F.3d at 1007 (holding that "section 2254 is the

---

[2]Under Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a state prisoner seeking federal habeas relief must name as respondent the person having custody of him. *See Magwood v. Patterson*, 561 U.S. 320, 333, 130 S. Ct. 2788 (2010); *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). As petitioner is incarcerated at the California Health Care Facility in Stockton, California, the only appropriate Respondent is the Warden of that facility. *Id.*. The warden is Brian Duffy, not Barrios or Aguilera, the named respondents. *See* http://www.cdcr.ca.gov/Facilities_Locator/CHCF-Institution_Stats.html <retrieved Oct. 27, 2014>. Accordingly, the petition does not name a proper respondent and is subject to dismissal without prejudice on that basis as well.

[3]For example, and most recently, in *Fisher v. Barrios et al.*, LA CV 14-07720-VBF (MAN), the Court's Order of October 20, 2014 advised petitioner again that he may not challenge the 1999 Conviction pursuant to a habeas petition ostensibly brought under the Ku Klux Klan Act.

The Court notes that the instant petition, with nominal exceptions, effectively duplicates the petition filed in LA CV 14-07720-VBF (MAN), which was dismissed, without prejudice, for lack of jurisdiction by Judgment entered on October 21, 2014. The instant petition was submitted to the Northern District before the October 21, 2014 Judgment was entered and served on petitioner. Nonetheless, petitioner's submission to the Northern District of a petition that was duplicative of one which, at the time, was pending in this district, plainly was improper. Dismissal of the instant petition on the ground of duplicativeness would be appropriate pursuant to the Court's inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 166 (1936). District courts have inherent powers to "fashion an appropriate sanction for conduct which abuses the judicial process," and in certain cases, dismissal of a lawsuit is an appropriate sanction. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45, 111 S. Ct. 2123, 2132-33 (1991); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (district courts "have the inherent power to control their dockets" and may dismiss a case in the exercise of that power).

exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction")). As a result, petitioner's attempted attack on his 1999 Conviction is subject to the jurisdictional and procedural requirements and limitations that govern section 2254 actions. *See White*, 370 F.3d at 1007 ("'[W]hen a [state] prisoner begins in the district court, § 2254 and all associated statutory requirements apply no matter what statutory label the prisoner has given the case'") (citation omitted). For this reason, petitioner's assertion that he is exempt from the Section 2254 exhaustion requirement is without merit.[4]

**Second**, the petition seeks relief that is not cognizable. Petitioner states that he is not attacking the fact or length of his confinement pursuant to the 1999 Conviction but, rather, is seeking monetary damages. (Pet. Mem. at 2-3.) However, "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827 (1973). "The power of a federal habeas court 'lies to enforce the right of personal liberty' [and] . . . [a]s such, a habeas court 'has the power to release' a prisoner, but 'has no other power.'" *Douglas v. Jacquez*, 626 F.3d 501, 504 (9th Cir. 2010) (citation omitted). As the Supreme Court has explained:

> If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release - the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.

*Preiser*, 411 U.S. at 494; *see also Nelson v. Campbell*, 541 U.S. 637, 646, 124 S. Ct. 2117 (2004) (observing that "damages are not an available habeas remedy"); *Muhammad v. Close*, 540 U.S. 749, 751, 124 S. Ct.

---

[4] From the face of the petition, it is unclear whether petitioner's claims are exhausted. However, given the Court's conclusion that it lacks jurisdiction, the Court need not resolve the exhaustion issue. *Accord Ewing v. Superior Court of California*, 2013 WL 6080030, *3 (S.D. Cal. Nov. 18, 2013) ("because the court lacks subject[-]matter jurisdiction to address the potential merits of Petitioner's claim, the Court need not address whether Petitioner exhausted his claims").

1303 (2004) (*per curiam*) (referring to "relief unavailable in habeas, notably damages"). As petitioner is not challenging the fact or length of his confinement and instead is seeking damages, this action is not one that can be considered on federal habeas review. *Accord Duncan v. Greystone Park Psych. Hosp.*,No. 13-3482 (WJM), 2014 WL 2472144, at *3 (D. N.J. May 29, 2014) (finding that habeas jurisdiction was lacking over petitioner's request for damages, because federal habeas relief is "available only when a person 'seek[s] to invalidate the duration of [her] confinement - either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the [government's] custody'") (*quoting Wilkinson v. Dotson*, 544 U.S. 74, 81, 125 S. Ct. 1242 (2005)).

**Third**, the "in custody" requirement for federal habeas relief is not met, and thus, jurisdiction is lacking. To seek section 2254 relief, a prisoner must be "in custody" pursuant to a state court judgment. 28 U.S.C. § 2254(a). Thus, for federal jurisdiction to exist over a section 2254 petition, the state prisoner must be "in custody" "under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S. Ct. 1923 (1989) (*per curiam*). If the prisoner's sentence has expired, he is not "in custody" pursuant to the underlying conviction, and jurisdiction is lacking. *Id.* at 492; *see also Lackawanna Co. Dist. Attorney v. Coss*, 532 U.S. 394, 401, 121 S. Ct. 1567 (2001). This requirement can be satisfied if the prisoner remains on parole or supervised release in connection with the challenged conviction and/or sentence. *See, e.g., Goldyyn v. Hayes*, 444 F.3d 1062, 1064 n.2 (9th Cir. 2006).

Petitioner received a two-year sentence for the 1999 Conviction and does not allege that he is on parole pursuant to that conviction. In fact, on the first page of the petition, he wrote "no" in response to a question asking if he is on parole or probation, and he states, under penalty of perjury, that he is not in custody under the 1999 Conviction. (Petition at 1.) Petitioner presently is incarcerated based upon a separate conviction he sustained in 2012, not the 1999 Conviction, and there simply is no basis for finding that petitioner's sentence for the 1999 Conviction did not expire many years earlier.[5] In short, it is plain that

---

[5]There is no tenable basis for construing the petition as asserting a challenge to petitioner's present 2012 sentence as enhanced by his 1999 Conviction, *see Maleng*, 490 U.S. at 493, given that petitioner does not contend that his present sentence was enhanced because of the 1999 Conviction, and there is no reason

petitioner is *not* "in custody" based upon the 1999 Conviction. As a result, there is no federal subject-matter jurisdiction over the Petition. This defect is fundamental and cannot be rectified by amendment. As the Court lacks jurisdiction to consider the instant petition, it must be dismissed.

## PETITIONER IS NOT ENTITLED TO A CERTIFICATE OF APPEALABILITY

Lastly, under 28 U.S.C. § 2253(c)(1)(A), an appeal may not be taken from a "final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a state court" unless the appellant first obtains a certificate of appealability ("COA"). Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a COA is warranted in this case. *See* 28 U.S.C. § 2253(c)(2).

In practice, "[i]t is a 'rare step' for a district court to issue a COA," *McDaniels v. McGrew*, 2013 WL 4040058, *3 (C.D. Cal. Aug. 8, 2013) (Fairbank, J.) (quoting *Murden v. Artuz*, 497 F.3d 178, 199 (2d Cir. 2007) (Hall, J., concurring in judgment)); *accord Vega v. US*, 2014 WL 3385168, *8 (E.D. Cal. July 10, 2014) (Ishii, Sr. J.) ("The issuance of a COA is 'a rare step.'") (likewise quoting *Murden* concurrence). A COA may issue only if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000).

The Court is mindful that it must resolve doubts about the propriety of a COA in petitioner's favor, *see Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (en banc), but no such doubt exists here. Reasonable jurists would not find it debatable that subject-matter jurisdiction over the petition is lacking, that petitioner has failed to name the warden of his facility as the respondent, that petitioner seeks relief which is not available in habeas corpus (monetary damages), and that the petition therefore must be dismissed without prejudice. Accordingly, a COA is unwarranted.

## ORDER

---

to believe that it was based upon any of petitioner's filings in this district. Moreover, the petition alleges that petitioner had counsel in the 1999 Conviction case (*see* petition at 5), and thus, petitioner would be precluded from attempting to challenge his present sentence on the ground that it was enhanced by the 1999 Conviction. *See Lackawanna Cty. D.A.*, 532 US. at 403-04.

1    Judgment shall be entered dismissing the instant petition without prejudice.

2    As required by FED. R. CIV. P. 58(a), *see Jayne v. Sherman*, 706 F.3d 994, 1009 (9th Cir. 2013), final
3    judgment will be issued by separate document.

4    A certificate of appealability is **DENIED**.  This is a final order, but it will not be appealable unless
5    petitioner obtains a certificate of appealability from the United States Court of Appeals for the Ninth Circuit.

8    DATED:        October 28, 2014

*Valerie Baker Fairbank*

VALERIE BAKER FAIRBANK
SENIOR UNITED STATES DISTRICT JUDGE